IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| COASTLINE RE HOLDINGS NV CORP., A NEVADA CORPORATION, Appellant, vs. WILLIN, LLC; BONNIE W. CHU; JOSEPH LAMARCA; AND DAVID R. NELSON, Respondents. | No. 67597 <br><br> **FILED** <br> JUL 2 5 2017 <br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY_____ <br> DEPUTY CLERK |

*ORDER OF REVERSAL AND REMAND*

Appellant Coastline Re Holdings NV Corp. appeals from a final judgment in a deficiency action and denial of its motion to amend the final judgment. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge. We reverse and remand.

"Whether state law is preempted by a federal statute or regulation is a question of law, subject to our de novo review." *Nanopierce Techs., Inc. v. Depository Tr. & Clearing Corp.*, 123 Nev. 362, 370, 168 P.3d 73, 79 (2007) (footnotes omitted). Conflict preemption occurs when a state law frustrates a federal law's purpose, or compliance with both state and federal law is impossible. *Id.* at 375, 168 P.3d at 82. In *Munoz v. Branch Banking*, 131 Nev., Adv. Op. 23, 348 P.3d 689 (2015), we held that

17-24599

FIRREA preempted NRS 40.459(1)(c)[1] when applied to an acquiring bank who was a direct party to a purchase and assumption agreement with the FDIC. NRS 40.459(1)(c)'s limitations to the acquiring bank's recovery frustrated FIRREA's purpose because the statute limited the private market for FDIC assets. *Id.* at 692-93.

Regarding NRS 40.459(1)(c)'s application to Coastline, *Munoz* controls and FIRREA preempts the statute. NRS 40.459(1)(c) requires a foreclosure subsidiary like Coastline to pay full value consideration for the assignment of loan. Such a requirement places a burden on FDIC-contracting banks and their foreclosure subsidiaries, limiting the private market for FDIC assets. This limitation frustrates the purpose of FIRREA because it inhibits a system designed to efficiently facilitate the purchase and assumption of failed banks' assets. Thus, FIRREA preempts NRS 40.459(1)(c) as applied to Coastline's loan assignment from Pacific Western Bank. Because the district court was without the benefit of *Munoz* and improperly applied NRS 40.459(1)(c), we reverse and remand for the district court's application of FIRREA to Coastline's loan assignment.[2]

---

[1]The version of NRS 40.459 at issue in *Munoz* and this case is from 2011, prior to the 2015 amendment.

[2]Because this order reverses the underlying judgment, we decline to discuss Coastline's remaining issues on appeal.

Accordingly, we ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
Ara H. Shirinian, Settlement Judge
Lewis Roca Rothgerber Christie LLP/Las Vegas
Garman Turner Gordon
Marquiz Law Office
McLetchie Shell LLC
Eighth District Court Clerk

